UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| CRAIG STEVEN, Trustee of the Resulting Trust, | Case No. 17-MC-0061 (JRT/DTS) |
| Petitioner, | |
| | REPORT AND RECOMMENDATION |
| v. | |
| STEVEN TERNER MNUCHIN, as Secretary of the Treasury (US Governor of the IMF), | |
| Respondent. | |

---

The Internal Revenue Service ("IRS") audited the 2014 tax return of petitioner Craig Steven Walquist[1] and found that he had substantially underpaid the amount due to the federal government. Walquist regards the audit as improper     indeed, he believes that the entire system of paper money is improper     and he has disclaimed all obligations to pay federal taxes. Insofar as any such taxes might be owed, though, Walquist seeks to withdraw funds from the federal treasury pursuant to 12 U.S.C. § 411 and use those funds to satisfy his debt. And those treasury funds, Walquist claims, should come from the salary of respondent Steven Terner Mnuchin, United States Secretary of the Treasury. *See* ECF No. 1. This matter is before the Court on Walquist's petition for garnishment of Mnuchin's salary.

---

[1] Petitioner identifies himself in his petition for garnishment as "Craig Steven of the WALQUIST family." ECF No. 1 at 1. This Court will resort to the usual nomenclature.

Every aspect of Walquist's petition for garnishment is frivolous.[2]  *See Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) ("Statutory provisions may simply codify existing rights or powers.  [28 U.S.C. §] 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."); *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996), (noting that a district court may sua sponte dismiss a frivolous complaint prior to service of process); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee.").  Walquist has presented no colorable claim that the audit of his tax return conducted by the IRS is unlawful, or that the conclusions of the audit were erroneous.  Even if he had, Walquist has not shown that he is entitled to monetary compensation for the mistake.  Moreover, even if he had shown that he is entitled to compensation from the federal government, Walquist has not alleged with any degree of plausibility why that compensation should be garnished from the salary of a cabinet official.

The garnishment petition presented by Walquist is wrong both in premises and in conclusion.  There is no legal basis upon which this action can be maintained.  Walquist's petition should be denied as frivolous.

---

[2]An action is frivolous if it lacks "an arguable basis either in law or in fact"    that is, if it is based on an "indisputably meritless legal theory," or if the factual allegations are so "fanciful," "fantastic," or "delusional" as to be "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32  33 (1992) (explaining that courts may dismiss a claim as factually frivolous "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional") (quotations and citations omitted).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS

HEREBY RECOMMENDED THAT:

1.    Petitioner Craig Steven Walquist's petition for garnishment [ECF No. 1] be

      DENIED.

2.    This action be DISMISSED as frivolous.

Dated: December 8, 2017                     *s/ David T. Schultz*
                                            David T. Schultz
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).