# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| CRAIG STEVEN,<br>*Trustee of the Resulting Trust*,<br><br>                              Plaintiff,<br><br>v.<br><br>STEVEN TERNER MNUCHIN,<br>*as Secretary of the Treasury*<br>*(U.S. Governor of the IMF)*,<br><br>                              Defendant. | Civil No. 17-MC-61 (JRT/DTS)<br><br>**MEMORANDUM**<br>**OPINION AND ORDER**<br>**ADOPTING REPORT AND**<br>**RECOMMENDATION** |

Craig Steven Walquist,[1] 3505 Crystal Place, Wayzata, MN  55391, *pro se* plaintiff.

Steven Terner Mnuchin, United States Secretary of the Treasury, 1500 Pennsylvania Avenue Northwest, Washington, DC  20220, defendant.

Craig Steven Walquist brought a petition for garnishment of U.S. Treasury Secretary Steven Mnuchin's salary in the amount of $13,401 to satisfy Walquist's debt to the IRS, because he claims to have disclaimed all obligations to pay federal taxes.  (*See* Garnishment Pet., Nov. 27, 2017, Docket No. 1.)  Magistrate Judge David T. Schultz issued a report and recommendation ("R&R") recommending that Walquist's petition be denied and the action dismissed as frivolous.  (R&R, Dec. 8, 2017, Docket No. 6.)

---

[1] Petitioner identifies himself in his petition for garnishment as "Craig Steven of the WALQUIST family."  (Garnishment Pet. at 1, Nov. 27, 2017, Docket No. 1.)  The Court will employ the usual nomenclature.

Now before the Court is the R&R, as well as several filings by Walquist alleging "Refusal For Cause." (*See* Docket Nos. 4, 5, 7.) The Court has reviewed these filings and finds that only one of them relates to the R&R. In that filing, Walquist alleges that the Magistrate Judge's "uninvited legal opinion is in error" and returned a copy of the R&R with the words "Refusal For Cause" written across it. (Objs./Refusal for Cause at 2 & Ex. 1, Dec. 12, 2017, Docket No. 7.) Because the Magistrate Judge exercised proper authority under federal law and because his findings were not clearly erroneous, the Court will adopt the R&R in full.

## DISCUSSION

### I. STANDARD OF REVIEW

Under the Federal Magistrate Judges Act, a magistrate judge has the authority to propose findings and recommendations in the form of an R&R on dispositive issues. *See* 28 U.S.C. § 636(b)(1)(B)-(C); *accord* D. Minn. LR 72.2(b). The R&R must then be reviewed by the district judge, who may accept, reject, or modify the recommendation. 28 U.S.C. § 636(b)(1)(C); *accord* D. Minn. LR 72.2(b).

A party may file "specific written objections" to the R&R. Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). A party's objections "should specify the portions of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive issues, the Court reviews *de novo* a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR

72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

## II.   WALQUIST'S OBJECTIONS TO THE R&R

Walquist did not formally object to the R&R; however, his most recent filing suggests that he objects to the Magistrate Judge's authority to issue an R&R in this case. (*See* Objs./Refusal for Cause at 1-2 (calling the Magistrate Judge's opinion "unsolicited" and "uninvited").) Although Walquist paid a filing fee to file a case in this district, he suggests that he meant for the Court be "utilized as evidence repository for [] documents . . . while the Garnishment is being executed in" the United States District Court for the District of Columbia. (*Id.* at 2.)

The Court will construe this filing as an objection. Walquist submitted several prior "Refusals for Cause," (*see* Docket Nos. 4-5), but they do not appear to address the Magistrate Judge's authority specifically. As such, the Court will review this objection *de novo*. Because the remainder of Walquist's filing does not specify the portions of the R&R to which he is objecting and does not give a specific basis for his objections, the Court will review the content of the R&R for clear error.

The Magistrate Judge issued the R&R recommending that Walquist's case be dismissed in accordance with his authority under federal law. *See* 28 U.S.C. § 636(b)(1)(B)-(C). Walquist need not "invite" or "solicit" the Magistrate Judge's

opinion, because the authority to issue an R&R is bestowed by federal law. Thus Walquist's objection fails.

The Magistrate Judge recommends dismissal of Walquist's case as frivolous. (R&R at 2.) The Magistrate Judge noted that the Court has the power to dismiss an action *sua sponte* if it is frivolous. (*Id.* (citing *Mallard v. U.S. Dist. Court for S. Dist. Iowa*, 490 U.S. 296, 307-08 (1989); *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000)).) The Magistrate Judge also found that Walquist's petition is frivolous because he "has presented no colorable claim that the audit of his tax return conducted by the IRS is unlawful, or that the conclusions of the audit were erroneous," and "has not alleged with any degree of plausibility why [any] compensation should be garnished from the salary of a cabinet official." (*Id.*) This finding is not clearly erroneous, as Walquist's action lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This conclusion is all the more logical in light of Walquist's suggestion that his purpose for filing in this district was to use the Court as an evidence repository.

The Magistrate Judge has authority under federal law to issue findings and recommendations, and his findings were not clearly erroneous. The Court will therefore overrule Walquist's Objections, adopt the R&R, deny Walquist's petition for garnishment, and dismiss this action as frivolous.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, Plaintiff's Objection to the Report and Recommendation [Docket No. 7] is **OVERRULED** and the Magistrate Judge's Report and Recommendation [Docket No. 6] is **ADOPTED**.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Petition [Docket No. 1] is **DENIED** and **DISMISSED** as frivolous.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  January 29, 2018        _____s/John R. Tunheim_____  
at Minneapolis, Minnesota.               JOHN R. TUNHEIM  
                                                  Chief Judge  
                                     United States District Court